UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JERRY DONALD SHAKE,

    Plaintiff,

    v.      CAUSE NO. 3:20-CV-931-JD-MGG

GEORGE PAYNE, et al.,

    Defendants.

OPINION AND ORDER

Jerry Donald Shake, a prisoner without a lawyer, filed this lawsuit alleging that he has been subjected unconstitutional conditions while housed at the Miami Correctional Facility. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

In his complaint, Shake alleges that, on July 23, 2020, an inmate assaulted Deputy Warden George Payne with urine and feces. Deputy Warden Payne responded to the assault by ordering that the cells of all inmates on the solitary restrictive housing unit be stripped of all personal belongings. The items taken included commissary items, soap dishes, toothbrush holders, bowls, hygiene items, pictures, letters, bedding, and

clothing. Captain Bennett and Lt. Myers assisted with removing the items. After weeks, Deputy Warden Payne's "reign of terror" ended and some items were returned. ECF 1 at 3. However, some items taken from inmates were lost or destroyed.[1] Other items remained prohibited, including bowls, soap dishes, toothbrush holders, and shower boxes. Because Shake was prohibited from having shampoo for weeks, his scalp became flaky and began to bleed. He has sued Deputy Warden Payne, Captain Bennett, and Lt. Myers. He seeks both monetary damages and injunctive relief. He further asks that this matter be certified as a class action.

As an initial matter, it would be "plain error to permit this imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action." *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975); *see also Hagan v. Rogers*, 570 F.3d 146, 159 (3rd Cir. 2009). "Under Rule 23(a)(4), a class representative must fairly and adequately protect the interests of the class. A litigant may bring his own claims to federal court without counsel, but not the claims of others. This is so because the competence of a layman is clearly too limited to allow him to risk the rights of others." *Fymbo v. State*

---

[1] It is unclear whether any of Shake's items were lost. However, even if they were, this does not state a claim. The Fourteenth Amendment provides that state officials shall not "deprive any person of life, liberty, or property, without due process of law . . .." But, a state tort claims act that provides a method by which a person can seek reimbursement for the negligent loss or intentional depravation of property meets the requirements of the due process clause by providing due process of law. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) ("For intentional, as for negligent deprivations of property by state employees, the state's action is not complete until and unless it provides or refuses to provide a suitable post deprivation remedy.") Indiana's tort claims act (Indiana Code § 34-13-3-1 *et seq*.) and other laws provide for state judicial review of property losses caused by government employees and provide an adequate post deprivation remedy to redress state officials' accidental or intentional deprivation of a person's property. *See Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001) ("Wynn has an adequate post deprivation remedy in the Indiana Tort Claims Act, and no more process was due.").

*Farm*, 213 F.3d 1320, 1321 (10th Cir. 2000) (citations and quotation marks omitted). Therefore, Shake may only represent himself on his own claims.

The Eighth Amendment prohibits conditions of confinement that deny inmates "the minimal civilized measure of life's necessities." *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008) (citations omitted). In evaluating an Eighth Amendment claim, courts conduct both an objective and a subjective inquiry. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective prong asks whether the alleged deprivation is "sufficiently serious" that the action or inaction of a prison official leads to "the denial of the minimal civilized measure of life's necessities." *Id.* (citations omitted). Although "the Constitution does not mandate comfortable prisons," *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981), inmates are entitled to adequate food, clothing, shelter, bedding, hygiene materials, and sanitation. *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009); *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006). On the subjective prong, the prisoner must show the defendant acted with deliberate indifference to the inmate's health or safety. *Farmer*, 511 U.S. at 834. As the Seventh Circuit has explained:

> [C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so.

*Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (internal citations and quotation marks omitted); *see also Reed v. McBride*, 178 F.3d 849, 855 (7th Cir. 1999) (where inmate

complained about severe deprivations but was ignored, he established a "prototypical case of deliberate indifference.").

Here, giving Shake the favorable inferences to which he is entitled at this stage of the proceedings, he states a plausible claim against Deputy Warden Payne, as he ordered that the cells be stripped and it can be plausibly inferred that he determined what materials were returned to Shake and when. However, Shake alleges only that Captain Bennett and Lt. Myers assisted in carrying out Deputy Warden Payne's initial order. It was not unconstitutional to briefly deprive inmates of personal items following an incident; it is only the continuation of this order for weeks – as Shake alleges – that implicates constitutional concerns. Because it cannot be plausibly inferred that Captain Bennett and Lt. Myers were responsible for the continuing deprivation, Shake may not proceed against them.

For these reasons, the court:

(1) GRANTS Jerry Donald Shake leave to proceed against Deputy Warden Payne in his individual capacity for monetary damages and permanent injunctive relief for depriving Jerry Donald Shake of constitutional conditions of confinement beginning on July 20, 2020, in violation of the Eighth Amendment;

(2) DISMISSES Captain Bennett and Lt. Myers;

(3) DISMISSES all other claims;

(4) DIRECTS the clerk to request Waiver of Service from (and if necessary, the United States Marshals Service to serve process on) Deputy Warden Payne at the

Indiana Department of Correction with a copy of this order and the complaint (ECF 1), pursuant to 28 U.S.C. § 1915(d);

(5) ORDERS the Indiana Department of Correction to provide the United States Marshal Service with the full name, date of birth, social security number, last employment date, work location, and last known home address of the defendant if he does not waive service and they have such information; and

(6) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), that Deputy Warden Payne respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on January 29, 2021

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT