UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JERRY DONALD SHAKE,

    Plaintiff,

    v.      CAUSE NO. 3:20-CV-931-JD-MGG

GEORGE PAYNE,

    Defendant.

OPINION AND ORDER

Jerry Donald Shake, a prisoner without a lawyer, was granted leave to proceed against Deputy Warden Payne for depriving Shake of constitutional conditions of confinement beginning on July 20, 2020, in violation of the Eighth Amendment. ECF 8 at 5. According to the complaint (ECF 1), on July 23, 2020, an inmate assaulted Deputy Warden George Payne, and he responded by ordering that the cells of all inmates on the solitary restrictive housing unit be stripped of all personal belongings. The items taken included commissary items, soap dishes, toothbrush holders, bowls, hygiene items, pictures, letters, bedding, and clothing. After several weeks, some items were returned, but other items remained prohibited or were lost or destroyed.

On February 18, 2021, Deputy Warden Payne filed a summary judgment motion arguing that Shake did not exhaust his administrative remedies before filing suit. ECF 19. Deputy Warden Payne provided Shake the notice required by N.D. Ind. L.R. 56-1(f) and a copy of Federal Rule of Civil Procedure 56 and Northern District of Indiana Local Rule 56-1. ECF 21. Pursuant to Local Rule 56-1(b)(1), "[a] party opposing [a summary

judgment] motion must, within 28 days after the movant serves the motion, file and serve (A) a response brief; and (B) any materials that the party contends raise a genuine dispute." This deadline passed, but Shake did not respond.

Upon reviewing the motion, the court noted a discrepancy. Payne's Statement of Material Facts Not in Dispute indicates that the applicable Offender Grievance Process went into effect on April 1, 2020 (ECF 20 at 8), but the materials he relies upon do not support this assertion. The attached declaration of Angela Heishman instead states that the applicable Offender Grievance Process went into effect on September 1, 2020. ECF 19-1 at ¶ 9. Only the Offender Grievance Process that went into effect on September 1, 2020, was provided in support of the summary judgment motion. ECF 19-2. Payne was ordered to file a supplemental memorandum addressing this discrepancy. ECF 23. Payne filed the supplement on July 21, 2021. ECF 24. Shake did not respond, and the motion is now ripe for ruling.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). However, a party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in

its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010). "[I]nferences relying on mere speculation or conjecture will not suffice." *Trade Fin. Partners, LLC v. AAR Corp.*, 573 F.3d 401, 407 (7th Cir. 2009). Summary judgment "is the put up or shut up moment in a lawsuit . . .." *Springer v. Durflinger*, 518 F.3d 479, 484 (7th Cir. 2008).

"If a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion . . .." Fed. R. Civ. P. 56(e). Because Shake has not responded to the summary judgment motion, he has not properly addressed the defendant's assertions of fact and the court accepts the following facts as undisputed.

Under both the IDOC's grievance policy effective April 1, 2020 and its grievance policy effective September 1, 2020,[1] successful completing of the grievance process required a formal attempt to solve a problem following an unsuccessful attempt at informal resolution, a written appeal to the Warden or his designee, and a written appeal to the Department Grievance Manager. ECF 19-1 at ¶ 9-10; ECF 19-2 at 3; ECF 24-1 at 3. The policies each require that the steps of the grievance process be timely completed and that an offender use the proper grievance forms. ECF 19-1 at ¶ 11; ECF 19-2; ECF 24-1.

---

[1] Payne initially provided only the September 1, 2020, grievance policy (ECF 19-2), but he provided the April 1, 2020, policy (ECF 24-1) in response to this court's July 13, 2021, order. The April 1, 2020, policy was in effect on the date the incident occurred. However, by the time Shake filed a grievance on October 28, 2020, the September 1, 2020, grievance policy was in effect. The relevant provisions of the two policies do not materially differ.

If the offender is unable to informally resolve his complaint, the offender must submit a completed State Form 45471, "Offender Grievance," no later than 10 business days from the date of the incident giving rise to the complaint. ECF 19-1 at ¶ 13; ECF 19-2 at 9; ECF 24-1 at 9.

The grievance is then reviewed by the Offender Grievance Specialist within ten days, and it is either accepted and logged or rejected. ECF 19-1 at ¶ 15; ECF 19-2 at 9; ECF 24-1 at 9. If accepted and logged, the grievance becomes a part of the offender's History of Grievances. ECF 19-1 at ¶ 15. If rejected, it is returned along with an explanation of why it is being returned. *Id.*

If an offender is dissatisfied with the response to an accepted formal grievance, he may appeal by completing State Form 45473, "Grievance Appeal" within five days of receiving the grievance response. ECF 19-1 at ¶ 16; ECF 19-2 at 12; ECF 24-1 at 12. The Offender Grievance Specialist must log the date it is received and send it to the Warden. ECF 19-1 at ¶ 16. The Grievance Specialist must provide the offender with a copy of the appeal response. *Id.*

If dissatisfied with the appeal response, the offender must check "disagree" on the appeal response and submit the completed State Form 45473 to the Offender Grievance Specialist within five business days on receiving the appeal response. *Id.* at ¶ 18; ECF 19-2 at 12; ECF 24-1 at 12.

If these procedures are not followed, the grievance may be denied unless the offender can demonstrate good cause. ECF 19-1 at ¶ 19; ECF 19-2 at 14; ECF 24-1 at 13.

4

Offenders are provided with information regarding the grievance process during Admissions and Orientation, and copies of the Offender Grievance Process are available in the Law Library. ECF 19-1 at ¶¶ 23-24. The process remains available to offenders when in restricted housing or segregation. *Id.* at 22.

Shake's grievance history reveals only one accepted grievance related to his conditions of confinement claim proceeding in this case. ECF 19-1 at ¶¶ 28, 33; ECF 19-4. The grievance was submitted on October 28, 2020. and it stated that Shake had to eat cereal out of a bag because his bowl had been confiscated. ECF 19-1 at 28; ECF 19-4. It did not allege that hygiene items, clothing, bedding or other items had been confiscated. ECF 19-1 at 29; ECF 19-4. The Grievance Response Report was provided to Shake on or about December 11, 2020 and indicated that the bowls were withheld from inmates in restrictive housing because they posed a safety and security risk to staff. ECF 19-1 at ¶ 30. Shake filed a Grievance Appeal to the warden. ECF 19-1 at ¶ 31; ECF 19-6. The warden denied the appeal. ECF 19-6. Shake did not appeal to the Department Offender Grievance Manager. ECF 19-1 at ¶ 32.

Prisoners are prohibited from bringing an action in federal court "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted *must* be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999) (emphasis added). Nevertheless, "[f]ailure to

5

exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). The Seventh Circuit has taken a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Thus, "[t]o exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002).

Here, the undisputed facts show Shake did not file a written appeal to the Department Grievance Manager. Moreover, Shake did not argue that the administrative process was made unavailable to him, and there is no evidence suggesting the process was unavailable to Shake. As a result, Shake did not exhaust the available administrative remedies before he filed this lawsuit, and summary judgment must be granted.

For these reasons, the court:

(1) GRANTS the summary judgment motion (ECF 19);

(2) DISMISSES this case WITHOUT PREJUDICE; and

(3) DIRECTS the clerk to enter judgment in favor of Deputy Warden George Payne and against Jerry Donald Shake.

SO ORDERED on November 30, 2021

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT